UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY KLOBAS, et al.,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 3:23-cv-06072-BHS<br><br>ORDER TO SHOW CAUSE OR FILE AN AMENDED COMPLAINT<br><br>Noted for: January 12, 2024 |

This matter comes before the Court on plaintiffs' motions to proceed *in forma pauperis* (IFP) for their proposed complaint. Dkt. 1, 2. Plaintiffs are unrepresented by an attorney in this matter. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For reasons discussed below, plaintiff is ordered to show cause why this cause of action should not be dismissed or file an amended complaint on or before January 12, 2024.

BACKGROUND

Plaintiffs assert the Federal Torts Claims Act (FTCA) 28 U.S.C. § 2671-2680 as the federal statute at issue in this case. Dkt. 1-1 at 3, Dkt. 2-1 at 3. Plaintiffs allege mental distress, loss of wages, loss of vehicle, hardship placement, unknown medical cost, economic damages, punitive damages. Dkt. 1-1 at 5, Dkt. 2-1 at 5. Plaintiffs state

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 1

"see attached for names, dates and place of 'incedent.'" *Id*. Plaintiff are seeking "amount punitive or exemplary damages." *Id*.

Plaintiff attaches emails sent from plaintiff to the US Department of Homeland Security Office for Civil Rights and Civil Liberties wherein plaintiff Lance Raikoglo alleges that he is being "threatened by social media abuse" because he is "subject to radio station programmed to song of my on going displacements of self." Dkt. 1-1 at 20, Dkt. 2-1 at 20. In this email Mr. Raikoglo further allege "I have had them rear end me in a car with my lady and they totalled our car from two cars behind us. Have them steal from my home on Thanksgiving…put me through almost 5yrs of being infected mental abuse. Yet I'm drowning…" *Id*. Plaintiffs also attach various documents including a vehicle retail installment sale contract, a vehicle title application, a market valuation report, copies of the front of both of plaintiffs' licenses and social security cards, and a police traffic collision report. Dkt 1-1, Dkt. 2-1.

## DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d

NOTED FOR: JANUARY 12, 2024 - 2

at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**A. Rule 8**

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege facts that would plausibly show they are entitled to any relief. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence

of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here, plaintiffs have not provided sufficient facts to support a claim for relief and have not explained the cognizable legal theory behind their allegations. Plaintiffs offer conclusory assertions that they have suffered harm and that someone was negligent, but there are insufficient facts regarding the nature of their claims, for example, what happened, when it happened, who was involved, and how these acts violated their rights.

Plaintiffs also attach emails and other various documents to the complaint. Although the Court may consider certain types of information contained in documents attached to a complaint and incorporated by reference, the complaint must still comply with Rule 8. *See, Khoja v. Orexigen Therapeutics, Inc.,* 899 F3d 988, 1002-1003, 1018 (9th Cir. 2018) (only the uncontested facts contained in documents attached to a complaint may be considered by the Court under the incorporation by reference doctrine; complaint must allege sufficient facts in the body of the complaint to support a plausible claim); *Iqbal,* 556 U.S. at 681. As such, plaintiffs have not stated a short and plain statement of a claim showing they are entitled to relief.

## CONCLUSION

Due to the deficiencies described above, it appears that plaintiffs' complaint is subject to dismissal. Plaintiffs may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **January 12, 2024.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiffs a copy of this Order and the *Pro Se* information sheet.

Dated this 28th day of December, 2023.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR: JANUARY 12, 2024 - 5