UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY KLOBAS AND LANCE RAIKOGLO,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-06072-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: February 9, 2024 |

This matter comes before the Court on plaintiffs' proposed amended complaints. Dkts. 4, 5. Plaintiffs are unrepresented by an attorney in this matter. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). After careful consideration of the proposed amended complaints, the Court recommends that plaintiffs' IFP applications be DENIED and this case be dismissed for failure to state a claim.

## DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A. **Rule 8**

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."

Fed. R. Civ. P. 8(a). Plaintiff must allege facts that would plausibly show they are entitled to any relief. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

On November 22, 2023, plaintiffs Kimberly Klobas and Lance Raikoglo each filed a motion to proceed *in forma pauperis* in regard to their identical proposed complaints. Dkts. 1, 2. Given the identified deficiencies in the proposed complaints, the Court did not grant plaintiffs' IFP applications. Plaintiffs were given until January 12, 2024 to show cause why the complaint should not be dismissed or file an amended complaint. Dkt. 3.

On January 11, 2024, plaintiffs filed identical amended complaints. Dkts. 4, 5. In the amended complaints, plaintiffs again do not provide sufficient facts to support a claim for relief and although they have listed various statutes and federal rules of civil procedure as the basis for their claims, they do not explain how their claims arise under these principles. *See* Dkt. 4-1 at 3; 5-1 at 3. Plaintiffs again offer conclusory assertions that they have suffered harm but do not provide sufficient facts regarding the nature of their claims. *See* Dkt. 4-1 at 5; Dkt. 5-1 at 5. Plaintiffs list Corbin Breithaupt, Michele B. Irish, and the U.S. Government as defendants but they do not explain any actions taken by any of these defendants. *See* Dkt. 4-1 at 2-3; Dkt. 5-1 at 2-3. Accordingly, plaintiffs' claim should be dismissed without prejudice for failure to state a claim.

CONCLUSION

Because plaintiff failed to cure the deficiencies the Court previously identified, and the complaint does not state any plausible cause of action, plaintiff's complaint should be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **February 9, 2024**, as noted in the caption.

Dated this 22nd day of January, 2024.

Theresa L. Fricke
United